## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT NASHVILLE

**JULY SESSION, 1998**

FILED

November 20, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9707-CR-00309** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. FRANK G. CLEMENT** |
| **TURNER P. WILLIAMS,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal - D.U.I.)** |

FOR THE APPELLANT:

CHARLES R. RAY
211 Third Avenue North
P. O. Box 198288
Nashville, TN  37219-8288

JAMES BRYAN LEWIS
217 Second Avenue North
Nashville, TN  37201-1649

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

LISA A. NAYLOR
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37201-1649

VICTOR S. JOHNSON
District Attorney General

GEORGE BONDS
Assistant District Attorney
Washington Square, Suite 500
Nashville, TN  37201-1649

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# <u>OPINION</u>

On May 19, 1997, a Davidson County jury found Appellant, Turner Williams, guilty of Driving Under the Influence of an Intoxicant, first offense. The trial court sentenced Appellant to eleven months and twenty-nine days incarceration, all suspended except for two days, the remainder to be served on probation. Appellant filed a timely notice of appeal, raising two issues on appeal:

(1) Whether the trial court erred in admitting into evidence highly prejudicial statements made by Appellant which were not probative of guilt and were allegedly introduced for the purpose of inflaming and prejudicing the jury in violation of Rule 403 of the Tennessee Rules of Evidence; and

(2) Whether the trial court erred in refusing to suppress the results of a field sobriety test where the officer gave the test under such adverse conditions that the results were invalid and should not have been presented to the jury.

After a review of the record, we affirm the judgment of the trial court.

**FACTS**

On May 1,1996 Sergeant Robert Norton, Officer William Turbeville, and Officer Shane Stokes were at the Kwik Sak Convenience Market on West End Avenue, when Appellant approached them. According to Sergeant Norton, Appellant asked whether the three knew Lieutenant Glen Yates. When one of the officers replied that he knew the name, Appellant responded, "well, next time you see him, tell him to kiss my ass." Sergeant Norton testified that Appellant's eyes were glassy and blood-shot and Appellant's speech was slurred. He further indicated Appellant smelled of an alcoholic beverage. Sergeant Norton advised Appellant not to drive, and Appellant assured him that he would not. One of the officers looked outside and observed that another individual was pumping gas

into the car which seemed to be the one in which Appellant had arrived. When Appellant left the store and got into the driver's side of the car, the three officers pursued.

Officer Turbeville stopped Appellant's car at the corner of 18th Ave. and West End. According to Officer Turbeville, Appellant stated that the officer "needed to get Lieutenant Yates or Chief Turner on the phone." Appellant also made a "vulgar comment" towards Officer Turbeville, indicating that the officer was in trouble because Appellant knew Emmitt Turner and helped him get elected.

Sergeant Norton testified that the heel-to-toe field sobriety test preferably should be performed on a flat surface. He further related that were the test performed on a steep grade, the incline could invalidate the results of the test. Sergeant Norton described the point at which Appellant was stopped as a valley "midway between two hills." Officer Turbeville testified and that there was a white fog line alongside the road at the point where Appellant was stopped and that the line was used in administering the heel-to-toe test. Once shown photographs of the site, Officer Turbeville stated that perhaps he was mistaken in testifying that there had been a fog line. He testified that according to the photograph of the location, there was no fog line at the site.

According to Officer Turbeville, Appellant did not pass the heel-to-toe field sobriety test, and the officers did not perform the one-leg-stand test for fear Appellant would injure himself. During the heel-to-toe test, Appellant began the test before instructed to do so, missed some of the steps from heel to toe, and

stepped off the line. Additionally, Appellant made 12 steps before turning around, although the instructions were that he was to make 9 steps before turning. An officer advised Appellant of the implied consent law, and Appellant refused to consent to a breath test. Officer Turbeville testified that he did not observe Appellant driving in an erratic or otherwise unsafe manner, and that he did not see Appellant break any traffic laws. Officer Turbeville also testified that Appellant continued to make threatening remarks to him about the towing of Appellant's vehicle. Once in the booking room, Officer Turbeville reported that Appellant asked, " you don't plan on making captain, do you?"

The defense presented Wally Kemp, the owner of Valentino's Ristorante, a friend and business partner of Appellant's, who testified that Appellant was with him prior to his arrest. The witness indicated that Appellant had a cocktail early in the night and shared a bottle of wine with three other people during diner. Mr. Kemp testified that Appellant did not appear to be intoxicated when he left the restaurant shortly before his arrest.

## I. Prejudicial Statements

Appellant contends that the trial court erred in admitting into evidence statements made by Appellant to the police officers immediately prior to and at the time of his arrest. Appellant filed a motion in limine to exclude the statements he deemed prejudicial. The trial court's ruling excluded some of the comments, but allowed the State to present some of the offensive statements. In evaluating a trial court's ruling on a Tennessee Rules of Evidence Rule 403 motion to

exclude evidence, the initial inquiry is whether the evidence offered was relevant

to the case under Tennessee Rule of Evidence Rule 401.

> The determination of whether evidence is relevant, or, if relevant, should be excluded for one of the reasons set forth in Rule 403, addresses itself to the sound discretion of the trial court. State v. Hill, 885 S.W.2d 357, 361 (Tenn. Crim. App.), per. app. denied (Tenn.1994). In deciding these issues, the trial court must consider, among other things, the questions of fact that the jury will have to consider in determining the accused's guilt as well as other evidence that has been introduced during the course of the trial.

State v. Dulsworth, 781 S.W.2d 277, 287 (Tenn. Crim. App. 1989).

> If a trial court in the exercise of its discretion finds that evidence is relevant within the meaning of Rule 401, and the accused is not entitled to have the evidence excluded for one of the grounds set forth in Rule 403, this Court will not interfere with the exercise of this discretion unless it appears on the face of the record that the trial court clearly abused its discretion. State v. Hayes, 899 S.W.2d 175, 183 (Tenn. Crim. App.), per. app. denied (Tenn.1995).

State v. Williamson, 919 S.W.2d 69, 79 (Tenn. Crim. App. 1995)

Tennessee Rule of Evidence Rule 403 permits a court to exclude relevant

evidence "if its probative value is substantially outweighed by the danger of unfair

prejudice." The Supreme Court has stated that unfair prejudice is "[a]n undue

tendency to suggest decision on an improper basis, commonly, though not

necessarily, an emotional one." State v. DuBose, 953 S.W.2d 649, 654 (Tenn.

1997) (citing State v. Banks, 564 S.W.2d 947, 951 (Tenn.1978); see also State

v. McCary, 922 S.W.2d at 515).

In State v. Banks, the Supreme Court recognized the "policy of liberality in the admission of evidence in both civil and criminal cases." Banks, 564 S.W.2d at 949. The trial court must weigh the probative value against prejudicial effect. This Court cannot substitute its judgment for that of the trial court or declare error absent a finding that the trial court abused its discretion. State v. Robinson, 930 S.W.2d 78, 85 (Tenn. Crim. App. 1995 (*citing* State v. Melson, 638 S.W.2d 342 (Tenn.1982)).

Appellant's belligerence and obnoxious behavior toward police officers, at a time when clear thinking would certainly call for a more subdued approach, is highly probative on the question of Appellant's intoxication. Moreover, although these statements were less than wisely made under the circumstances, they do not strike a chord that could be said to unduly suggest a decision by the jury on some basis other that the facts of the case. Finally, there is overwhelming evidence of Appellant's guilt of D.U.I. and even without the statements it is virtually certain he would have been convicted. Under these circumstances, we find that the trial court did not abuse its discretion in determining that the statements were relevant and that the prejudicial effect did not substantially outweigh the probative value. This issue is without merit.

**II. Field Sobriety Test**

Appellant further complains that the trial court erred in admitting evidence of the field sobriety test, because the officer who administered the test failed to comply with the guidelines set out by the National Highway Traffic Safety Administration. We disagree. The admission of evidence is a matter within the

discretion of the trial court. State v. Banks, supra, at 949. The trial court permitted defense counsel wide latitude in cross-examining the officers regarding the results of the field-sobriety tests and the circumstances under which the tests were administered. The defense was able to put before the jury testimony by a participating officer that a failure to strictly adhere to the safety guidelines might affect the reliability of the sobriety test. The conditions under which the tests were preformed relate to the weight to be afforded the test results, not the admissibility of the results. The weight to give such evidence is a question for the jury. This Court will not second-guess such jury determinations. This issue is without merit.

Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
DAVID G. HAYES, JUDGE